**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

CHRISTOPHER ALAN CARNES,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　Case No. CIV-20-286-RAW-KEW
　　　　　　　　　　　　　　　　)
COMMISSIONER OF THE SOCIAL　　　)
SECURITY ADMINISTRATION,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　)

## REPORT AND RECOMMENDATION

Plaintiff Christopher Alan Carnes (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. He appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1]     Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 53 years old at the time of the decision. He has a high school education and worked in the past as a parts clerk for automotive dealerships. He alleges an inability to work beginning on December 2, 2017, due to limitations arising from fibromyalgia, ruptured neck discs, chronic fatigue, diabetes, sleep apnea, neuropathy, headaches, hands, left knee surgery, and a-fibrillation.

### Procedural History

On February 13, 2018, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. His application

3

was denied initially and upon reconsideration. On September 11, 2019, ALJ B.D. Crutchfield conducted an administrative hearing from Tulsa, Oklahoma, at which Claimant was present and participated. On October 1, 2019, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on June 16, 2020, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step two of the sequential evaluation. She determined that while Claimant suffered from medically determinable impairments, Claimant did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months and, therefore, his impairments were not severe.

## Errors Alleged for Review

Claimant asserts the ALJ's step-two finding that his impairments were not severe is unsupported by substantial evidence.

## Step-Two Evaluation

In her decision, the ALJ found Claimant suffered from medically determinable impairments of obesity, diabetes mellitus, hypertension, sleep apnea, and major depressive disorder (mild,

recurrent). She concluded that none of Claimant's conditions significantly limited his ability to perform basic work-related activities for twelve consecutive months. (Tr. 28). As a result, the ALJ determined Claimant was not under a disability from his alleged onset date of December 2, 2017, through the date last insured of December 31, 2017. (Tr. 31).

Claimant argues the ALJ erred because her step-two determination that his medically determinable impairments were non-severe was not supported by substantial evidence. Claimant asserts the ALJ failed to mention medical evidence from the record supporting Claimant's severe impairments and failed to consider the combined effect of his impairments. Specifically, Claimant contends the ALJ failed to discuss medical evidence prior to his onset date of December 17, 2017, and medical evidence after his date last insured of December 31, 2017.

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Flaherty v. Astrue*, 515 F.3d 1067, 1070-71 (10th Cir. 2007), quoting *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. Rul. 85-28, 1985 WL 56856 (Jan. 1, 1985). A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than twelve months. *Id.* at § 1382c(a)(1)(C)(i).

Claimant contends the ALJ failed to discuss evidence from April of 2012 through November of 2015, prior to his onset date, wherein he received pain management treatment, including steroid injections and medication associated with back pain. During this time period, he exhibited range of motion limitations associated with pain in his cervical and lumbar spines and received diagnoses of lumbar spine pain with lumbar radiculopathy, cervical spine pain, periodic arm symptoms, fibromyalgia, and morbid obesity. (Tr. 270-90). He underwent an MRI and discogram procedures in November of 2013, which showed degenerative changes in the lumbar spine, disc disease, and herniations. (Tr. 361-66). In May of 2015,

6

Claimant was diagnosed with chronic pain syndrome and symptomatic lumbar disc, with back surgery recommended. Claimant declined surgery. (Tr. 356).

Claimant also points to evidence regarding his diabetes and sleep apnea. In June of 2014, he was diagnosed with Type II diabetes (uncontrolled and worsening). (Tr. 291-99). In January of 2016, he again was diagnosed with diabetes. He also suffered from sleep apnea and used a CPAP machine. (Tr. 371).

Claimant further references evidence from after the expiration of his insured status. He was seen for several issues, including chronic pain syndrome, diabetes, and peripheral polyneuropathy in February of 2018. (Tr. 405-11). In May of 2018, Claimant's active problem list included Type 2 diabetes, chronic pain syndrome, fibromyalgia, peripheral polyneuropathy, and sleep apnea. (Tr. 424-29). He continued to suffer from these issues in November of 2018. (Tr. 445-50).

In the decision, the ALJ specifically considered Claimant's treatment records from January of 2016, wherein Chelsey Griffin, D.O., Claimant's primary care physician, examined Claimant. Dr. Griffin saw Claimant for sinusitis, diabetes/hypertension, and for a sleep apnea follow up. Dr. Griffin indicated Claimant had been using a CPAP machine for his sleep apnea for ten years, was compliant, and tolerated it well. Regarding his diabetes, Claimant denied experiencing blurred vision, confusion, foot ulcer, and

7

nausea and vomiting. Regarding his diabetic foot screen, Dr. Griffin commented that he had a "callus bilateral feet great big toe" and "[h]eel cracked, dry." She planned to refer him to podiatry. His hypertension was noted to be "stable and well controlled." (Tr. 30, 371-75). The ALJ also referenced Claimant's mental consultative examination in February of 2016, wherein the consultative psychologist noted Claimant's gait was normal and he had no difficulty ambulating during the examination. (Tr. 30, 390).

The ALJ further considered Claimant's hearing testimony. Claimant testified he drove about once a week. (Tr. 29, 47). In an average day, Claimant performs five to ten minutes of housework, rests for an hour, and then repeats. He does laundry, light cleaning, dishes, and makes dinner. He has no problems keeping up with personal hygiene. (Tr. 29, 49-50). Claimant testified he is unable to work because of constant pain from fibromyalgia. He also experiences neck pain, back pain, and fatigue. His fibromyalgia causes "a dull, aching pain" from "head to toe" and his back pain is "sharp pain." (Tr. 30, 50). He takes medication for his fibromyalgia, blood pressure, and insulin for diabetes. (Tr. 30, 52). Claimant reported depression and being irritable, but he had not received any treatment. (Tr. 30, 53-54). Claimant changes positions several times a day for pain relief, and he also lies down after lunch for approximately an hour. (Tr. 30, 54-55).

The ALJ noted the "[t]reatment records one year before the amended alleged onset date and up to that date are sparse[,]" yet "the claimant testified his primary physical problems [were] fibromyalgia and back pain." She further noted that Claimant had not complained of symptoms to Dr. Griffin "in the sole treatment record from 2016/2017" and her physical examination of Claimant was "unremarkable except that the [C]laimant had post-nasal discharge and a cracked, dry heel." She found the record supported that Claimant's diabetes, hypertension, and sleep apnea were under control, his physical examination was "benign[,]" and there was no evidence that "obesity affected any body system." (Tr. 30). She concluded that a finding that Claimant did not have an impairment or combination of impairments that significantly limited his ability to perform basis work activities was consistent with the objective medical evidence and other evidence. (Tr. 30).

The regulations require that a disability exist before the insured status expired under Title II. Soc. Sec. Rul. 18-1p, 2018 WL 4945639, at *5 (Oct. 2, 2018); *see also Flaherty*, 515 F.3d at 1069 (the claimant must establish disability on or before the date last insured). If evidence "sheds light on the disability during the relevant time period[,]" it should be considered. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). An ALJ, however, "is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

9

The Court finds no error by the ALJ for not explicitly discussing the record medical evidence from prior to the January 2016 treatment record of Dr. Griffin or the medical evidence after the expiration of the insured period. First, the ALJ specifically stated that she considered the entire record in reaching the decision. (Tr. 28); *see also Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) ("Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ 'at his word.'"), quoting *Flaherty*, 515 F.3d 1071.

Second, and more importantly, the evidence Claimant refers to in the record does nothing more than establish that Claimant was diagnosed with certain conditions before and after the insured period. The evidence does not indicate Claimant had any specific functional limitations or the severity of any condition. *See, e.g., Madrid v. Astrue*, 243 F. Appx. 387, 392 (10th Cir. 2007) (the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995) (the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (the mere diagnosis of arthritis says nothing about the severity of the condition); *Scull v. Apfel*, 2000 WL 1028250, at *1 (10th Cir. 2000) (unpublished) (disability determinations

10

turn on the functional consequences, not the causes of a claimant's condition). Moreover, it is clear from the decision that the ALJ explicitly considered the combined effect of Claimant's impairments. (Tr. 28, 29, 30, 31).

Claimant has not sustained his burden of demonstrating that his medically determinable conditions, singly and in combination, significantly limit his ability to perform basic work activities. As such, there is no error in the ALJ's step-two determination that Claimant's physical and mental impairments, considered singly and in combination, are not severe.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of February, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE